UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CHARLES AND CATHY MCCARTY, | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | No. 4:13CV2562 JCH |
| DENNIS J. BARTON, III, | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant Dennis J. Barton, III's Motion to Dismiss, filed March 10, 2014. (ECF No. 20). The motion is fully briefed and ready for disposition.

## BACKGROUND[1]

Plaintiffs Charles and Cathy McCarty allegedly incurred debts arising out of consumer, family, and household transactions. (First Amended Complaint, ¶ 9). Specifically, the alleged debts stemmed from medical services that Plaintiff Charles McCarty received from St. Anthony's Medical Center. (Id.).

Sometime prior to October 26, 2012, Roger Weiss arranged for the assignment of Plaintiffs' debt from St. Anthony's Medical Center to himself and/or his debt collection business, Consumer Adjustment Company, Inc. ("CACi"). (First Amended Complaint, ¶¶ 12, 17). Approximately thirty days prior to October 26, 2012, Defendant Dennis J. Barton, III, an attorney licensed in Missouri, contacted Plaintiffs by letter and phonecall, in an effort to collect the debt. (Id., ¶¶ 11, 23, 24). In his communications with Plaintiffs, Barton indicated that he

---

[1] The Court's background section is taken from Plaintiffs' First Amended Complaint, to which Defendant Barton has not yet filed an answer.

represented St. Anthony's Medical Center. (Id., ¶ 24). In reliance on this representation Plaintiffs communicated with Barton, and agreed to a settlement in order to avoid litigation. (Id., ¶ 26).

Despite the arranged settlement, on October 26, 2012, Barton filed a lawsuit styled "St. Anthony's Medical Center v. Charles and Cathy McCarty" in the Circuit Court for St. Louis County. (First Amended Complaint, ¶ 27). Barton indicated in the lawsuit that he represented St. Anthony's. (Id., ¶ 29). According to Plaintiffs, Barton was not the attorney for St. Anthony's; instead, he was an employee and agent of Weiss and CACi, and filed the lawsuit on their behalf. (Id., ¶¶ 27, 31, 33). The St. Louis County lawsuit was dismissed without prejudice on December 5, 2012, for failure to prosecute. (Id., ¶ 37).

On several occasions between December, 2012, and November, 2013, Plaintiffs contacted Barton's office in an attempt to obtain a receipt and copy of the settlement agreement. (First Amended Complaint, ¶ 39). Barton continued to maintain he represented St. Anthony's Medical Center during these communications, but refused to provide the requested documentation. (Id., ¶¶ 39, 40).

In December, 2013, Plaintiffs learned that Barton never actually represented St. Anthony's Medical Center with respect to the debts he attempted to collect from Plaintiffs. (First Amended Complaint, ¶ 41). Plaintiffs assert Barton's deliberate misstatements prevented them from learning of his deception at any time prior to November, 2013. (Id., ¶ 42).

Plaintiffs filed their original Complaint in this matter on December 23, 2013. (ECF No. 1). In their First Amended Complaint, Plaintiffs asserted claims for violations of the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*[2], abuse of process, conversion, and fraudulent misrepresentation, against Barton, Weiss and CACi. Plaintiffs dismissed Weiss and CACi without prejudice on April 18, 2014, leaving only Barton as a defendant. (ECF Nos. 27, 28). As noted above, Barton filed the instant Motion to Dismiss on March 10, 2014, asserting Plaintiffs' FDCPA count must be dismissed as barred by the statute of limitations, and their remaining counts must be dismissed for failure to state claims upon which relief may be granted.

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the complaint in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

---

[2] 15 U.S.C. § 1692e generally prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

## DISCUSSION

**I.     Plaintiffs' FDCPA Claim**

As noted above, Barton asserts Plaintiffs' FDCPA claims are barred by the one-year statute of limitations found in 15 U.S.C. § 1692k(d). According to Barton, the alleged violations took place approximately thirty days prior to October 26, 2012, when Barton allegedly represented he was the attorney for St. Anthony's in his communications with Plaintiffs via letter and telephone, and again on October 26, 2012, when Barton filed the state court petition indicating the same. Because Plaintiffs' initial Complaint in this matter was not filed until December 23, 2013, Barton asserts their FDCPA claims are barred by the statute of limitations and must be dismissed.

The FDCPA provides that, "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court….within one year from the date on which the violation occurs." *See* 15 U.S.C. § 1692k(d). Plaintiffs essentially concede their claims were filed out of time, but request that the Court apply the doctrine of equitable tolling to preserve their rights.[3] In the Eighth Circuit, however, "the FDCPA's statute of limitations is considered jurisdictional and cannot be equitably tolled." *Young v. LVNV Funding LLC*, 2013 WL 4551722, at *3 (E.D. Mo. Aug. 28, 2013) (citing *Mattson v. U.S. W. Commc'ns, Inc.*, 967 F.2d 259, 261 (8th Cir. 1992); *Ness v. Gurstel Chargo, P.A.*, No. 11-3370 (JNE/JSM), 2013 WL 1176060, at *5 (D. Minn. March 21, 2013)). As Barton's alleged actions took place more than one year prior to December 23, 2013, the date this action was filed, Plaintiffs' claims under the FDCPA are time-barred and must be dismissed. *See Spriggs v. Hosto & Buchan PLLC*, 2014 WL 221982, at *3 (E.D. Ark. Jan. 21, 2014); *Thompson v. National Credit Adjusters, LLC*, 2011

---

[3] Plaintiffs assert Barton's deceptive conduct justifies the employment of equitable tolling.

WL 6003955, at *2 (D. Minn. Nov. 30, 2011) (citation omitted) ("Equitable tolling only applies to cases where the statute of limitations is not a jurisdictional bar.").

## II. Plaintiffs' Supplemental State Law Claims

28 U.S.C. § 1367 provides in relevant part as follows:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution....

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–

    (3) the district court has dismissed all claims over which it has original jurisdiction;....

28 U.S.C. §1367(a), (c).

The Eighth Circuit has held that district courts have "broad discretion" in deciding whether to exercise pendent jurisdiction over state law claims. *Willman v. Heartland Hosp. East*, 34 F.3d 605, 613 (8th Cir. 1994), *cert. denied*, 514 U.S. 1018 (1995); *see also Allen v. U.S. Secretary of Defense*, 2012 WL 401062, at *9 (E.D. Mo. Feb. 8, 2012). Upon consideration, this Court will now exercise its discretion under 28 U.S.C. §1367(c), and dismiss the remainder of the claims in Plaintiffs' First Amended Complaint without prejudice.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Dennis J. Barton, III's Motion to Dismiss (ECF No. 20) is **GRANTED**, in accordance with the foregoing.

**IT IS FURTHER ORDERED that** Count I of Plaintiffs' First Amended Complaint (ECF No. 16) is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Counts II through IV of Plaintiffs' First Amended Complaint (ECF No. 16) are **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1367(c)(3). An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this 1st Day of July, 2014.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE